IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:26-CV-3085-D |
| | § | |
| FREEDOM MORTGAGE | § | |
| CORPORATION, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, *pro se* plaintiff David Thomas ("Thomas") seeks injunctive relief arising from the conduct of several defendants, including Freedom Mortgage Corporation ("Freedom Mortgage"),[1] related to the foreclosure of Thomas' property. Freedom Mortgage moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. Thomas has not responded to the motion. For the reasons set out below, the court grants Freedom Mortgage's motion and also grants Thomas leave to file an opposition response to the ground for dismissal of his claims against the remaining defendants that the court raises *sua sponte*.

[1]The other defendants are Nestor Solutions, LLC, Auction.Com, LLC, Xome Inc., Tejas Corporate Services, LLC, NFPDS-TX, LLC, Agency Sales and Posting, LLC, Abstracts/Trustees of Texas, LLC, Resolve Trustee Services, LLC, and All Substitute Trustees Named in the Foreclosure Notice.

I

Thomas' allegations concern the servicing of a loan agreement related to his real property located in Duncanville, Texas 75116 (the "Property").[2] This is Thomas' second lawsuit seeking to prevent Freedom Mortgage from foreclosing on the Property. In January 2026 Thomas sued Freedom Mortgage in Texas state court, asserting claims for wrongful foreclosure, breach of contract, declaratory judgment, and injunctive relief. *See Thomas v. Freedom Mortg. Corp.*, 2026 WL 1751733, at *1 (N.D. Tex. May 22, 2026) (Toliver, J.), *rec. accepted*, 2026 WL 1751726 (N.D. Tex. June 17, 2026) (Lindsay, J.). Freedom Mortgage removed the case to this court based on diversity of citizenship and moved to dismiss under Rule 12(b)(6). Judge Lindsay dismissed Thomas' claims against Freedom Mortgage and all other defendants with prejudice for failure to state claim. *Thomas v. Freedom Mortg. Corp.*, 2026 WL 1751726, at *1 (N.D. Tex. June 17, 2026) (Lindsay, J.). According to Freedom Mortgage, following dismissal, the default was not cured, and Freedom Mortgage posted the Property for a foreclosure sale scheduled for September 1, 2026.

Thomas alleges that the instant action concerns "servicing and notice issues" related to the foreclosure proceeding. Pet. (ECF No. 1-1) at 11. According to Thomas, after the prior lawsuit, Freedom Mortgage issued a new notice of default, initiating a new foreclosure

---

[2]In deciding Freedom Mortgage's Rule 12(b)(6) motion, the court construes Thomas' state-court petition in the light most favorable to him, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in his favor. *See, e.g.*, *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). Because Thomas is proceeding *pro se*, the court also construes the allegations of his petition liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980) (per curiam); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir.1993) (per curiam).

proceeding. As noted above, the notice scheduled a foreclosure sale for September 1, 2026. Thomas alleges that he has "not ignored the current foreclosure process" and has "actively attempted to receive and respond" to mortgage and foreclosure communications. *Id.* at 10. Thomas asserts that he experienced "an unrelated interruption in USPS mail delivery," which he discovered on or around July 24, 2026. *Id.* Thomas alleges that, once the USPS issue was remedied, he accepted the certified-mail delivery of the foreclosure notice. He also alleges that, on August 18, 2026, Freedom Mortgage emailed him stating that a letter it had sent to him had been returned to it by USPS.

On August 31, 2026 Thomas filed the instant lawsuit against defendants in Texas state court, seeking injunctive relief.[3] On September 1, 2026 the state court entered a temporary restraining order ("TRO"), restraining defendants from proceeding with any foreclosure sale of the Property. Freedom Mortgage removed the case to this court based on diversity jurisdiction. Freedom Mortgage now moves to dismiss under Rule 12(b)(6). Thomas has not responded to the motion, which the court is deciding on the briefs, without oral argument.

II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the plaintiff's complaint] by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*,

[3]Above the caption on Thomas' original state-court petition, he characterizes his petition as seeking "*Declaratory* and Injunctive Relief." Pet. (ECF No. 1-1) at 8 (emphasis added). But because the petition does not describe any declaratory judgment that he seeks, the court interprets this language to be surplusage.

855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

III

A

Freedom Mortgage moves to dismiss Thomas' request for injunctive relief on the ground that Thomas has failed to allege a plausible claim. According to Thomas' state-court petition, he has alleged a "bona fide dispute concerning the current foreclosure proceeding and the servicing of the mortgage loan." Pet. (ECF No. 1-1) at 11. Thomas contends that,

if the court fails to restrain defendants, the foreclosure sale will proceed before he "has an opportunity for judicial review of the current foreclosure proceeding and the servicing and notice issues underlying it." *Id.*

These allegations are insufficient to state a plausible claim. Even when Thomas' petition is "liberally construed," it lacks the specificity needed to determine whether he has pleaded a plausible claim. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). For example, Thomas does not specify which contractual or statutory servicing obligations or notice requirements Freedom Mortgage failed to meet, or which foreclosure procedures Freedom Mortgage failed to follow. And Thomas' allegation that there is a "bona fide dispute concerning the current foreclosure proceeding and the servicing of the mortgage loan," Pet. (ECF No. 1-1) at 11, is, at most, a "conclusory statement[]" that lacks legal foundation. *Iqbal*, 556 U.S. at 678.

B

Because Thomas has failed to plausibly plead a claim, he is not entitled to injunctive relief. "Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." *Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (Fitzwater, C.J.) (citing *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App. 2008, no pet.)); *see also Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (holding that injunctive relief requires that plaintiff first plead viable underlying cause of action). Because Thomas has failed to state a plausible claim against Freedom Mortgage, he is not entitled to an injunction, and his request for this relief is

dismissed.

The court likewise dismisses Thomas' request for the issuance of a TRO. "“To obtain a [TRO], an applicant must show entitlement to a preliminary injunction.” *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Wright*, 1993 WL 13044458, at *1 (N.D. Tex. June 15, 1993) (Fitzwater, J.). “The same four-factor test for preliminary injunctions also has been extended to [TROs].” *May v. Wells Fargo Home Mortg.*, 2013 WL 2367769, at *1 (N.D. Tex. May 30, 2013) (Fitzwater, C.J.) (quoting *Asadoorian v. Travis*, 2011 WL 2224984, at *1 (D. Mass. June 7, 2011)). A TRO is “simply a highly accelerated and temporary form of preliminary injunctive relief,” and requires the party seeking such relief to establish the same four elements for obtaining a preliminary injunction. *Lee v. Verizon Commc'ns, Inc.*, 2012 WL 6089041, at *1 n.2 (N.D. Tex. Dec. 7, 2012) (Fitzwater, C.J.) (quoting *Hassani v. Napolitano*, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009) (Fitzwater, C.J.)). Therefore, Thomas must establish four elements to obtain a TRO: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable harm if the TRO is not extended, (3) that the threatened harm outweighs any damage that the TRO might cause the opposing parties, and (4) that the TRO will not disserve the public interest. *See, e.g.*, *Jones v. Bush*, 122 F.Supp.2d 713, 718 (N.D. Tex. 2000) (Fitzwater, J.) (addressing preliminary injunction standard) (citing *Ruscitto v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 777 F. Supp. 1349, 1353 (N.D. Tex. 1991) (Fitzwater, J.), *aff'd*, 948 F.2d 1286 (5th Cir. 1991) (per curiam) (unpublished table decision)), *aff'd*, 244 F.3d 134 (5th Cir. 2000) (per curiam) (unpublished table decision).

"The first requirement for obtaining a TRO . . . is to demonstrate a substantial likelihood of success on the merits." *Almo Invs. Ltd. v. Kaufman Cnty.*, 2022 WL 15525759, at *2 (N.D. Tex. Oct. 27, 2022) (Fitzwater, J.). Thomas cannot establish a likelihood of success on the merits because he has failed even to plausibly plead a substantive claim. *See Hunsinger v. Offer*, 2022 WL 18143951, at *7 (N.D. Tex. Dec. 7, 2022) (Ramirez, J.) ("Because Plaintiff's substantive claims are subject to dismissal on the merits, he cannot establish any likelihood of success on the merits."), *rec. accepted*, 2023 WL 122649, at *1 (N.D. Tex. Jan. 6, 2023) (Godbey, C.J.). Accordingly, Thomas is not entitled to the issuance of a TRO.

IV

"[T]he court's usual practice when granting a motion to dismiss is to permit a plaintiff at least one opportunity to replead[.]" *Shah v. Univ. of Texas Sw. Med. Sch.*, 54 F.Supp.3d 681, 707 (N.D. Tex. 2014) (Fitzwater, C.J.) (citing *In re Am. Airlines, Inc., Priv. Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.)). And as a *pro se* plaintiff, Thomas should be given a fair opportunity to "plead his best case[.]" *See, e.g.*, *Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *1 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.). But Thomas has not responded to Freedom Mortgage's motion to dismiss. Accordingly, the court concludes that Thomas has pleaded his best case, and it declines to grant him leave to amend his state-court petition. *See, e.g.*, *Cruz v. CitiMortgage, Inc.*, 2012 WL 1836095, at *7 (N.D. Tex. May 21, 2012) (Lindsay, J.) ("Plaintiffs did not file a response to [defendant's] motion or request to amend their pleadings. The court therefore

concludes they have pled their best case and granting leave to amend would be futile and cause needless delay."); *Lyons v. Starbucks Coffee Co.*, 2020 WL 5732638, at *4 (N.D. Tex. Aug. 24, 2020) (Rutherford, J.) ("And when a plaintiff does not file a response to a Rule 12(b)(6) motion or request leave to amend, the court may deny the plaintiff leave to amend because the plaintiff has already pleaded his or her best case."), *rec. accepted*, 2020 WL 5710245 (N.D. Tex. Sept. 24, 2020) (Scholer, J.).

V

The court also raises *sua sponte* that the remaining defendants are entitled to dismissal of Thomas' claims for injunctive relief because, as with Freedom Mortgage, Thomas has failed to allege a plausible underlying claim against them. "A district court has the authority to consider the sufficiency of a complaint and dismiss an action *sua sponte*, as long as the procedure it employs is fair." *Anderson v. Octapharma Plasma, Inc.*, 2020 WL 7245075, at *9 n.16 (N.D. Tex. Dec. 9, 2020) (Fitzwater, J.) (citing *Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 733-34 n.7 (N.D. Tex. 2011) (Fitzwater, C.J.)). To ensure that the court is adhering to a fair procedure, it grants Thomas 21 days from the date of this memorandum opinion and order to file an opposition response and brief. *See id.* (explaining that because the court "permitt[ed] plaintiffs to respond" the "procedure employed" was fair). Thompson must demonstrate why the court should not dismiss his claims for injunctive relief against the remaining defendants. If he fails to replead, or repleads but does not state a claim on which relief can be granted, the court may dismiss this action without permitting further repleading.

* * *

For the reasons explained, the court grants Freedom Mortgage's motion to dismiss and grants Thomas 21 days from the date of this memorandum opinion and order to file an opposition response to the recommended dismissal of his claims against the remaining defendants.

**SO ORDERED**.

November 25, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE